# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STACY MELERINE AND** | * | **CIVIL ACTION NO:** |
| **MICHAEL MELERINE** | * | |
| | * | **SECTION:** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **LADARIUS WILLIAMS,** | * | |
| **DURAN EXPRESS, LLC AND** | * | **MAGISTRATE:** |
| **SAFECO INSURANCE COMPANY** | * | |
| **OF OREGON** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

Defendant, Prime Insurance Company, through undersigned counsel, gives notice of the removal of this civil action from the Twenty-Sixth Judicial District Court for the Parish of Bossier, State of Louisiana, to the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. § 1441, on the following grounds:

1.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Defendant bases this removal on diversity of citizenship under 28 U.S.C. § 1332, as set forth more fully below.

2.

Removal venue is proper in the United States District Court for the Western District of Louisiana, because this Court is "the district court of the United States for the district and division"

embracing the Twenty-Sixth Judicial District Court for the Parish of Bossier, State of Louisiana, which is the place where the state court action is pending.

3.

Plaintiffs Stacey Melerine and Michael Melerine instituted this action by filing their *Petition for Damages* (the "*Petition*") and subsequent *First Amended Petition for Damages* (the "Amended Petition") in the proceeding entitled *Stacey Melerine and Michael Melerine v. Ladarius Williams, Duran Express, LLC and Safeco Insurance Company of Oregon*, Docket No. 167,940 in the Twenty-Sixth Judicial District Court for the Parish of Bossier, State of Louisiana, on July 28, 2022 and October 26, 2022, respectively. Copies of the *Petition* and *Amended Petition* filed in the state court action are attached hereto as Exhibits "A" and "B."

4.

All defendants have been served in this matter. Duran Express, LLC (hereafter "Duran") and Ladarius Williams were both served on August 8, 2022; Safeco Insurance Company of Oregon (hereafter "Safeco") was served on August 11, 2022; Ty & Tan Express, LLC (hereafter "Ty & Tan") was served on November 7, 2022, and Prime was served on November 9, 2022. *See* Affidavits of Service and Sheriff Return, attached in globo as Exhibit "C." As such, Prime is filing this Notice of Removal within thirty (30) days after the receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim(s) for relief upon which such action or proceeding is based, and less than one (1) year after commencement of the action. *See* 28 U.S.C. § 1446(b)(1), (c)(1).

## DIVERSITY OF CITIZENSHIP

5.

Plaintiffs Stacey Melerine and Michael Melerine allege that they are residents of the Parish of Caddo, State of Louisiana. *See* Exhibit "A," prefatory paragraph. "A United States citizen who is domiciled in a state is a citizen of that state." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Therefore, for purposes of diversity jurisdiction, Plaintiff is a citizen of Louisiana.

6.

Defendant Ladarius Williams is a citizen of State of Mississippi.

7.

Defendant Duran is a Mississippi limited liability company. For purposes of diversity jurisdiction, a limited liability company takes on the citizenship of each individual member. Ladrarius Williams is the sole member of Duran, and he is a citizen of Mississippi. Therefore, for purposes of diversity jurisdiction, Duran is a citizen of Mississippi.

8.

Defendant Safeco is a corporation. For purposes of diversity jurisdiction, a corporation is a citizen of the state of its incorporation as well as the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Safeco is an Oregon corporation with its principal place of business in Oregon. Therefore, for purposes of diversity jurisdiction, Safeco is a citizen of Oregon.

9.

Derrnell Logan is the sole member of Defendant Ty & Tan, and Dernell Logan is a citizen of Mississippi. For purposes of diversity jurisdiction, a limited liability company takes on the citizenship of each individual member. Therefore, for purposes of diversity jurisdiction, Ty & Tan is a citizen of Mississippi.

10.

Defendant Prime is a corporation. For purposes of diversity jurisdiction, a corporation is a citizen of the state of its incorporation as well as the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Prime is an Illinois corporation with its principal place of business in Utah. Therefore, for purposes of diversity jurisdiction, Prime is a citizen of Illinois and Utah.

11.

Accordingly, all Defendants in this matter have different citizenship from Plaintiff. Therefore, complete diversity exists among the parties.

**AMOUNT IN CONTROVERSY**

12.

Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints," stating that the damages are not more than the minimum jurisdictional amount. *See DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1992) *citing In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). "The general principle is that plaintiffs have to show that they are bound irrevocably by their state pleadings." *Id.* at n. 10. Thus, Plaintiff has the burden of establishing to a "legal certainty" that their claims are actually for less than the jurisdictional amount. *Id.* at 1411.

13.

The *Petition* filed by Plaintiffs failed to include any statement indicating a lack of jurisdiction of the Federal Court due to an insufficient amount in controversy. Plaintiffs did not file a binding stipulation or affidavit with the *Petition*. *See* Exhibit "A".

14.

Although Prime denies liability, Prime reasonably believes that the amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds the jurisdictional amount of $75,000.00 set forth in 28 U.S.C. §1332, and incorporated in 28 U.S.C. §1441(a). Prime bases this belief, in part, on the types of damages allegedly suffered by Plaintiffs (e.g., pain and suffering, mental anguish and distress, lost wages, loss of earnings capacity, and loss of consortium). *See* Exhibit "A", at p. 5. Moreover, upon information and belief, Plaintiffs have previously produced medical records and statements showing Ms. Melerine has incurred over $50,000 in medical expenses. Ms. Melerine claims to have suffered injury to her cervical spine, for which she has been receiving medical treatment, including various modalities, since the August 11, 2021 accident.

15.

In light of the foregoing facts in controversy and based on the application of Louisiana law as to the value of the claims asserted by Plaintiffs, this Court has original jurisdiction, and this matter is properly removed, because the amount in controversy exceeds $75,000.00, and because there is complete diversity among the parties, as set forth in 28 U.S.C. § 1332.

**OTHER MATTERS**

16.

The undersigned has contacted counsel for Defendants Safeco, Williams, Ty & Tan, and Duran and counsel advised that Defendants consent to the removal as evidenced in the accompanying Consent to Removal by Safeco, Exhibit "D" and Consent to Removal by Williams, Ty & Tan, and Duran, Exhibit "E."

17.

In accordance with the requirements of 28 U.S.C. § 1446(a), a complete record of all process, pleadings, and orders filed in the state court case entitled *Stacey Melerine and Michael Melerine v. Ladarius Williams, Duran Express, LLC and Safeco Insurance Company of Oregon*, Docket No. 167,940 in the Twenty-Sixth Judicial District Court for the Parish of Bossier, State of Louisiana is attached hereto as Exhibit "F."

18.

Pursuant to the requirements of 28 U.S.C. § 1446(d), Prime will promptly file a *Notice of Filing of Notice of Removal* with the Clerk of Court for the Civil District Court for the Parish of Bossier, State of Louisiana. Further, Prime will promptly give written notice of the removal to all adverse parties. *See Notice of Filing of Notice of Removal*, attached hereto as Exhibit "G".

19.

Prime hereby reserves any and all rights to assert, as defenses to the *Petition*, all defenses permitted by Rule 12 of the Federal Rules of Civil Procedure, as well as all other jurisdictional, procedural, and venue defenses to the merits of the action.

**WHEREFORE**, Defendant Prime Insurance Company respectfully submits this *Notice of Removal* of the state court action to this Court and hereby remove the action now pending against it in the Twenty-Sixth Judicial District Court for the Parish of Bossier, State Louisiana, to the United States District Court for the Western District of Louisiana.

Respectfully submitted,

*/s/ Reagan R. Wilty*
**J. GEOFFREY ORMSBY, T.A. (No. 24183)**
**REAGAN R. WILTY, T.A. (No. 35292)**
    of
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
Facsimile: (504) 525-2205
gormsby@smithfawer.com
rwilty@smithfawer.com

*Counsel for Defendant, Prime Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 5th day of December 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record registered in the federal CM/ECF system. I further certify that a copy of the foregoing and the notice of electronic filing was served by facsimile and email to the following:

    Alan T. Seabaugh
    Seabaugh & Sepulvado, LLC
    alan@seabaughlaw.com
    *Counsel for Plaintiffs*

        */s/ Reagan R. Wilty*