UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **STACEY MELERINE, ET AL.** | **CASE NO. 5:22-CV-06127** |
| **VERSUS** | **JUDGE JERRY EDWARDS, JR.** |
| **LADARIUS WILLIAMS, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING & ORDER

Before the Court is a Motion for Partial Summary Judgment Regarding Independent Negligence (R. Doc. 59) filed by Duran Express, LLC ("Duran") and Ty & Tan Express, LLC ("Ty & Tan") (collectively, "Defendants"). The Motion is unopposed.

For the reasons set forth herein, Defendants' Motion for Partial Summary Judgment is **GRANTED**.

**I.   BACKGROUND**

On August 11, 2021, a motor vehicle collision occurred on Interstate 20 in Bossier City, Louisiana, involving a tractor-trailer operated by Ladarius Williams and a 2017 Acura ILX owned by Michael Melerine and operated by Stacey Melerine ("Plaintiffs").[1] Plaintiffs filed suit in state court, alleging that Mrs. Melerine was struck by Mr. Williams as he was attempting to merge into her lane of traffic.[2] In addition to claims of vicarious liability for Mr. Williams' behavior, Plaintiffs assert that Duran "failed its responsibility to properly hire, train, supervise, and retain" Mr. Williams.[3] Subsequently, Plaintiffs filed an Amended Petition for Damages, adding Ty & Tan and its insurer, Prime Insurance Company ("Prime"), to the suit.[4] Specifically, Plaintiffs supplemented

---

[1] R. Doc. 1-1 at 1; R. Doc. No. 26 at 2.
[2] R. Doc. 1-1 at 1.
[3] R. Doc. 1-1 at 2.
[4] R. Doc. 1-2 at 1.

their claims of vicarious liability with a claim of independent negligence, asserting that Ty & Tan "had a responsibility to properly hire, train, supervise, and retain" Mr. Williams and that Ty & Tan was vicariously liable for Mr. Williams' behavior as an employee.[5] Defendant Prime later removed the suit to this Court on the basis of diversity jurisdiction on December 5, 2022.[6] The instant Motion was filed on November 22, 2023.[7]

In their Motion, Defendants assert that Plaintiffs have failed to offer any evidence that demonstrates Duran or Ty & Tan was negligent in hiring, training, supervising, or retaining Mr. Williams as an employee.[8] Namely, neither Plaintiffs' initial petition nor amended petition specifies factual assertions alleging that Duran or Ty & Tan is independently liable.[9] Similarly, Defendants argue that no evidence was produced during discovery to suggest such independent negligence.[10]

## II.   LEGAL STANDARD

### A.   Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact impacts the outcome of a lawsuit and can be identified through substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could render a verdict for the nonmoving party." *Id*. The court considers "all evidence in the light most favorable to the [nonmoving party]."

---

[5] R. Doc. 1-2 at 4.
[6] R. Doc. 1 at 3–4.
[7] R. Doc. 61.
[8] R. Doc. 59 at 1.
[9] R. Doc. 59-1 at 3–4.
[10] R. Doc. 59-1 at 6–7.

*Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011) (internal quotation marks and citation omitted).

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this burden, the nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Conclusory allegations and unsubstantiated assertions will not satisfy the [nonmoving party's] burden." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). In deciding a motion for summary judgment, the district court will not "evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (internal citations omitted).

A motion for summary judgment will not be granted merely because no opposition is filed. *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (internal quotation marks and citation omitted). Thus, "[t]he movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed." *Kim Kool Inc. v. Cobra Trucking LLC*, 605 F. Supp. 3d 881, 884 (W.D. La. 2022).

### B. Negligence

A federal court sitting in diversity jurisdiction employs the substantive law of the forum state. *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003). Thus, Louisiana law applicable to negligence matters, such as the one before this Court, is governed by Louisiana Civil

Code art. 2315. "The duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability under [] art. 2315." *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So. 2d 627, 632–33 (La. 2006) (citing *Mathieu v. Imperial Toy Corp.*, 646 So. 2d 318, 321 (La. 1994)). The burden is on the plaintiff to prove the "(1) defendant's duty of care to her; (2) the defendant's breach of duty; (3) defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) legal causation (scope of duty); and (5) damages caused by the breach of duty." *James v. Ernest N. Morial New Orleans Exhibition Hall Auth.*, 262 So. 3d 958, 963 (La. App. 4th Cir. 2018) (internal citations omitted). "A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability." *Lemann*, 923 So. 2d at 633; *e.g.*, *Pigott v. Heath*, No. CV 18-9438, 2020 WL 564958, at *2 (E.D. La. Feb. 5, 2020) ("If the plaintiffs fail to prove one of these elements, then the defendants are not liable.").

"The threshold determination in a negligence action is the first element, [being] whether the defendant owed a duty to the plaintiff." *Favret v. Favret*, 371 So. 3d 511, 521 (La. App. 4th Cir. 2023) (quoting *Duronslet v. Wal-Mart Stores, Inc.*, 345 So. 3d 1136, 1149 (La. App. 4th Cir. 2022)). Determining a defendant's duty is a question of law. *Lemann*, 923 So. 2d at 633 (internal citations omitted); *see Chreene v. Prince*, 256 So. 3d 501, 508 (La. App. 2d Cir. 2018) ("Whether a legal duty is owed by one party to another depends upon the facts and circumstances of the case and the relationship between the parties."). Thus, "[a]n employer's liability for the negligent hiring, training and supervision of its employees . . . is based upon the independent or direct negligence of the employer and its duty to exercise reasonable care in hiring, training and supervising its employees pursuant to La. C.C. art. 2315." *Morgan v. Richard*, 305 So. 3d 932, 936 (La. App. 3d Cir. 2020) (quoting *Pelitire v. Rinker*, 270 So. 3d 817, 834 (La. App. 5th Cir. 2019)); *see Roberts v. Benoit*, 605 So. 2d 1032, 1044 (La. 1991).

### III.     ANALYSIS

To determine whether Duran or Ty & Tan owed a duty to the plaintiffs regarding its hiring, training, and supervision of Mr. Williams, some form of an employer-employee relationship must exist between the two. As recognized through Louisiana jurisprudence and art. 2315, an employer can be held liable for its negligent hiring, training, and supervision of an employee. *See Roberts*, 605 So. 2d at 1044. For instance, an employer violates its duty if it neglects to perform a required background investigation of an employee prior to hiring. *See Pelitire*, 270 So. 3d at 836–37. However, there "must be evidence establishing a connection between" the employer and the employee "that would give rise to any duty owed by" the employer to a third party regarding the employee, as well as a subsequent breach of that duty. *Id* at 837. Here, there is no such relationship between Mr. Williams and Duran, because at the time of the accident, Mr. Williams carried loads for Ty & Tan and leased on to Ty & Tan *through* Duran, a limited liability company he created and is the sole member of.[11] In other words, Mr. Williams is Duran, and he cannot have this kind of connective relationship with himself, or it would simply be his own individual negligence. However, Mr. Williams has been driving and carrying loads for Ty & Tan since 2017, which indicates a stronger employer-employee relationship.[12]

The Defendants satisfied their burden of showing the absence of a genuine issue of material fact regarding Plaintiffs' claims of independent liability. The burden then shifts to the Plaintiffs to prove that a duty existed and there was a breach of that duty. The Plaintiffs needed to demonstrate a genuine issue of fact regarding whether Mr. Williams was so improperly hired, trained, and or supervised by Ty & Tan that it contributed to the accident giving rise to this suit.

---

[11] R. Doc. 59-4 at 6–8.
[12] R. Doc. 59-4 at 7–8; *see also* R. Doc. 61-5 at 2. The Court will discuss the employer-employee relationship further in relation to vicarious liability in a separate ruling on Defendant Duran's Motion for Partial Summary Judgment, R. Doc. 61.

No evidence has been offered to demonstrate that Mr. Williams was improperly trained, hired, or supervised; thus, assuming *arguendo* the requisite duty could be established, there is no evidence of breach. Namely, no evidence was produced indicating that Ty & Tan neglected to perform the necessary background check or train Mr. Williams as it pertains to truck-driving and hauling cargo.[13] Accordingly, there is no genuine dispute as to whether Duran or Ty & Tan were negligent with respect to hiring, training, supervising, or retaining Mr. Williams on August 11, 2021.

## IV.   CONCLUSION

For the reasons set forth above,

Defendants' Motion for Partial Summary Judgment (R. Doc. 59) is **GRANTED**.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' claims against Duran and Ty & Tan based on independent negligence with respect to hiring, training, supervising, or retaining Mr. Williams are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 30th day of September, 2024.

_____
**JUDGE JERRY EDWARDS, JR.
UNITED STATES DISTRICT COURT**

---

[13] *See* R. Doc. 59-5.