UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**STACEY MELERINE ET AL**            **CASE NO. 5:22-CV-06127**

**VERSUS**                           **JUDGE JERRY EDWARDS, JR.**

**LADARIUS WILLIAMS ET AL**          **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM RULING & ORDER**

Before the court is a Motion for Summary Judgment[1] by Prime Insurance Company ("Prime") seeking to dismiss the claims against it on the basis that there is no coverage for defendant, Ty & Tan Express, L.L.C. ("Ty & Tan") under the insurance policy issued by Prime. Ty & Tan has opposed the motion.[2] Safeco Insurance Co. of Oregon ("Safeco"), Plaintiffs' uninsured motorist carrier, has also opposed the motion.[3]

For the reasons that follow, the Motion for Summary Judgment is **GRANTED**.

**I.    BACKGROUND**

On August 11, 2021, a motor vehicle collision occurred on Interstate 20 in Bossier City, Louisiana, involving a 2005 Kenworth tractor-trailer (the "Truck") driven by Ladarius Williams ("Williams") and a 2017 Acura ILX owned by Michael Melerine and driven by Stacey Melerine ("Mr. Melerine" and "Ms. Melerine," respectively, and collectively "Plaintiffs").[4] Plaintiffs filed suit in the Twenty-Sixth Judicial District Court, Parish of Bossier, on July 28, 2022, against Williams; Duran Express, LLC ("Duran"), Williams's alleged employer; and Safeco for injuries sustained in the collision by Ms. Melerine and loss of consortium for Mr. Melerine.[5] Subsequently,

---

[1] R. Doc. 60.
[2] R. Doc. 67.
[3] R. Doc. 66.
[4] R. Doc. 1-1.
[5] *Id*.

on October 26, 2022, Plaintiffs filed a First Amended Petition for Damages[6] which added Ty & Tan, as Williams's alleged employer,[7] and Prime, Ty & Tan's insurer, as Defendants.

Ty & Tan was issued insurance policy number SC20120690 (the "Policy") by Prime on December 23, 2020.[8] The Policy contained a schedule of covered autos with seven tractors and four trailers listed at the time of issuance which did not include the Truck involved in the accident.[9]

## II.   STANDARD OF REVIEW

Courts may grant summary judgment when "the movant shows there is no genuine dispute as to any material fact and the movant is entitled judgment as a matter of law."[10] A dispute about a material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party."[11] The moving party bears the burden of "showing there is no issue of genuine fact," and when faced with a "properly supported motion for summary judgment," the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."[12] Parties must support their assertions by "citing to particular parts of materials in the record including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of this motion only), admissions, interrogatory answers, or other materials."[13] When reviewing evidence, "all justifiable inferences are to be drawn" in the non-moving party's favor.[14]

---

[6] R. Doc. 1-2.
[7] R. Doc. 1-1.
[8] R. Doc. 60-2 at 1,5
[9] R. Doc. 60-2 at 6.
[10] Fed. R. Civ. P. 56(a)
[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986).
[12] *Id*. at 256.
[13] Fed. R. Civ. P. 56(c)(1)(A).
[14] *Anderson*, 477 U.S. at 255.

### III. CHOICE OF LAW

The court applies the "choice-of-law rules of the forum state in which the federal court sits" in diversity cases.[15] Louisiana's choice-of-law rules dictate "the law of the state where the insurance contract was issued and executed generally governs the interpretation of the contract."[16] The Policy issued by Prime to Ty & Tan was issued and executed in Utah.[17] Therefore, Utah law should govern the interpretation of the Prime policy. Neither Safeco, nor Ty & Tan dispute the application of Utah law.

### IV. INTERPRETATION OF INSURANCE POLICIES UNDER UTAH LAW

Utah interprets insurance policies as contracts between the insured and the insurer.[18] Utah takes a "four corners" approach to contract interpretation, determining the parties' intention from "the plain meaning of the contractual language" when there is no ambiguity.[19] The Utah Supreme Court has held contracts may be ambiguous when the contract is unclear, or terms are omitted or have "two or more plausible meanings."[20] Terms are not ambiguous when "one party seeks to endow them with a different interpretation according to his or her own interests."[21]

### V. COVERAGE UNDER THE POLICY

Prime asserts that it is entitled to summary judgment because its Policy states that "coverage is strictly limited to scheduled Autos," and the Truck involved in the accident is not listed as a Scheduled Auto.[22] Neither Safeco, nor Ty & Tan dispute this fact.

---

[15] *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014).
[16] *Id*.
[17] R. Doc. 60-1 at 5.
[18] *Alf v. State Farm Fire and Cas. Co.*, 850 P.2d 1272, 1274 (Utah 1993).
[19] *Benjamin v. Amica Mut. Ins. Co.*, 140 P.3d 1210, 1213 (Utah 2006) (citing *Saleh v. Farmers Ins. Exch.*, 133 P.3d 428, 434 (Utah 2006)).
[20] *Alf*, 850 P.2d at 1274.
[21] *Saleh*, 133 P.3d at 433 (Utah 2006)
[22] R. Doc. 60-2 at 8.

Ty & Tan argues that Prime is not entitled to summary judgment because the Truck should have been listed as scheduled auto on the Policy.[23] Ty & Tan asserts that it requested its insurance broker, Reliance Partners ("Reliance"), to add the Truck to its Policy with Prime prior to the subject accident. However, unbeknownst to Ty & Tan, Reliance mistakenly duplicated the listing of another 2005 Kenworth truck that was already covered under the Policy, rather than the Truck involved in the accident.[24]

Ty & Tan first discusses how vehicles are often added and removed from the Policy which adjusts the premium.[25] Ty & Tan then explains the timeline of the alleged relisting of the incorrect 2005 Kenworth truck by Reliance.[26] Finally, Ty & Tan discusses how it allegedly paid to insure eight tractors, but only seven were insured due to Reliance's error.[27]

Importantly, Ty & Tan fails to support these assertions with any competent evidence. Its Opposition contains no cites to the record, depositions, documents, electronically stored information, affidavits, declarations or stipulations.[28] Without adequate support, Ty & Tan's assertions do not constitute sufficient evidence to create a genuine dispute of material fact as "'conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy' the nonmovant's burden in a motion for summary judgment."[29] Further, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."[30]

---

[23] R. Doc. 67.
[24] *Id*.
[25] *Id*.
[26] *Id*.
[27] *Id*.
[28] *Id*.
[29] *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quoting *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)).
[30] *Forsyth v. Barr*. 19 F.3d 1527, 1337 (5th Cir. 1994) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, n.7 (5th Cir. 1992)).

With no indication of ambiguity, the court can only look to "the plain meaning of the contractual language" to determine the parties' intentions.[31] The Policy repeatedly states in plain language that coverage is limited to vehicles listed as a Scheduled Auto.[32] Under Section IV of the Policy, there is a section dedicated to trailers acquired after the Policy begins that states a trailer "will only become a Scheduled Auto and [be] covered under this Policy if it is scheduled on the Policy by endorsement attached thereto."[33] There is no ambiguity in the language of the Policy. The Policy required that the Truck be listed as a Scheduled Auto, and the Truck simply was not listed. Ty & Tan's opposition fails to create a genuine dispute of material fact regarding whether the Truck involved in the accident was covered under the Policy.

## VI.   FORM MCS-90

Attached to the policy is a Form MCS-90 endorsement. The language of the endorsement reads, in pertinent part:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy or not each motor vehicle is specifically described in the policy… It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured.[34]

---

[31] *Benjamin*, 140 P.3d at 1213.
[32] R. Doc. 60-2 at 6 ("This policy provides coverage only for Scheduled Autos"); *Id*. at 8 ("Coverage is strictly limited to scheduled Autos"); *Id*. at 16 ("We will only cover Physical Damage […] caused by collision of a Scheduled Auto").
[33] *Id*. at 19
[34] *Id*. at 40.

While the "scope of coverage" is a "matter[] of state law," the application of the MCS-90 is "governed by federal law."[35] An MCS-90 "must be attached to any liability policy issued to a registered motor carrier pursuant to 49 U.S.C. §§ 13906(a)(1), 31139(b)(2)."[36]

The Fifth Circuit has described "the obligation placed upon the insurer by the MCS–90 as one of suretyship," and held that the obligation is meant to ensure judgments against negligent motor carriers are collectible.[37] Furthermore, an insurer's obligation to pay under the MCS-90 is only triggered "when the policy to which it is attached provides no coverage to the insured."[38]

Safeco does not contest Prime's assertion that the Truck is not listed as a scheduled auto, but rather Safeco seeks to point out that Prime must provide coverage under the MCS-90 endorsement attached to the Policy.[39] Although the application of the MCS-90 endorsement is determined by the coverage of the underlying policy, the MCS-90 endorsement does not modify the underlying Policy to expand its scope. Therefore, the attachment of the MCS-90 endorsement to the Policy does not create a genuine dispute of fact regarding coverage of the Truck because the MCS-90 endorsement is not relevant to the interpretation of the Policy.

Prime does not dispute that a lack of coverage under the Policy is what triggers the MCS-90 and that the MCS-90 is applicable in this case. However, Prime asserts Safeco misapprehends the MCS-90 to be primary liability insurance.[40] Prime further asserts accepting the MCS-90 as primary liability insurance would prevent Plaintiffs' policy with Safeco from being triggered until the $750,000 provided by the MCS-90 is exhausted.[41] Based on the parties' pleadings at this point

---

[35] *T.H.E. Ins. Co. v. Larsen Intermodal Services, Inc.*, 242 F.3d 667, 672-74. (5th Cir. 2001).
[36] *Id.* at 670.
[37] *Id.* at 672.
[38] *Id.*; This approach to the MCS-90 has been adopted by the majority of Federal Circuits including the Tenth Circuit which Utah is a part of. *See Carolina Cas. Ins. Co. v. Yeates*, 584 F.3d 868, 88 (10th Cir. 2009).
[39] R. Doc. 66.
[40] R. Doc. 104.
[41] *Id.*

in this action, the interplay of the MCS-90 endorsement and the Plaintiffs' policy with Safeco is unclear in the event a judgment for the Plaintiffs is rendered.

### VII. CONCLUSION

For the reasons set forth above,

The Motion for Summary Judgment[42] is **GRANTED** to the extent there is no coverage under the Policy issued by Prime to Ty & Tan for the Truck involved in the collision giving rise to this suit.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the claims against Prime Insurance Company are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 30th day of September, 2024.

_____
**JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE**

---

[42] R. Doc. 60