# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| **STACEY MELERINE, ET AL.** | **CASE NO. 5:22-CV-06127** |
| **VERSUS** | **JUDGE JERRY EDWARDS, JR.** |
| **LADARIUS WILLIAMS, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion for Partial Summary Judgment (R. Doc. 61) filed by Duran Express, LLC ("Duran"). The Motion is unopposed.

For the reasons set forth herein, Duran's Motion for Partial Summary Judgment is **GRANTED**.

## I.    BACKGROUND

On August 11, 2021, a motor vehicle collision occurred on Interstate 20 in Bossier City, Louisiana, involving a tractor-trailer operated by Ladarius Williams and a 2017 Acura ILX owned by Michael Melerine and operated by Stacey Melerine ("Plaintiffs").[1] Plaintiffs filed suit in the Twenty-Sixth Judicial District Court for the Parish of Bossier, alleging that Stacey Melerine was struck by Mr. Williams as he was attempting to merge into her lane of traffic.[2] Plaintiffs assert that Mr. Williams "was acting in the course and scope of his employment with" Duran and that Duran is vicariously liable for Mr. Williams' actions and harm caused as a result of the accident.[3] Subsequently, Plaintiffs filed an Amended Petition for Damages, adding Ty & Tan Express, LLC ("Ty and Tan") and its insurer, Prime Insurance Company ("Prime"), to the suit.[4] Specifically,

---

[1] R. Doc. 1-1 at 1; R. Doc. 26 at 2.
[2] R. Doc. 1-1 at 1.
[3] R. Doc. 1-1 at 2.
[4] R. Doc. 1-2 at 1.

Plaintiffs supplemented that Mr. Williams "was acting in the course and scope of his employment with Ty & Tan Express, LLC," and that Ty & Tan is thus vicariously liable for Mr. Williams' actions and harm caused.[5] Defendant Prime later removed the suit to this Court on the basis of diversity jurisdiction on December 5, 2022.[6] The instant Motion was filed on November 22, 2023.[7]

In its Motion, Duran contends that the Plaintiffs have failed to show that Mr. Williams was acting in the course and scope of his employment for Duran on the date of the accident.[8] Namely, Duran argues that Mr. Williams was instead employed by Ty & Tan on the day of the accident.[9]

## II.    LEGAL STANDARD

### A.    Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact impacts the outcome of a lawsuit and can be identified through substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could render a verdict for the nonmoving party." *Id*. The court considers "all evidence in the light most favorable to the [nonmoving party]." *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011) (internal quotation marks and citation omitted).

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v.*

---

[5] R. Doc. 1-2 at 4.
[6] R. Doc. 1 at 3–4.
[7] R. Doc. 61.
[8] R. Doc. 61-1 at 1–2.
[9] R. Doc. 61-1 at 5–6.

*Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this burden, the nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Conclusory allegations and unsubstantiated assertions will not satisfy the [nonmoving party's] burden." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). In deciding a motion for summary judgment, the district court will not "evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (internal citations omitted).

A motion for summary judgment will not be granted merely because no opposition is filed. *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (internal quotation marks and citation omitted). Thus, "[t]he movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed." *Kim Kool Inc. v. Cobra Trucking LLC*, 605 F. Supp. 3d 881, 884 (W.D. La. 2022).

### B. Vicarious Liability

A federal court sitting in diversity jurisdiction employs the substantive law of the forum state. *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003). Thus, the Court will apply Louisiana law regarding vicarious liability of employers. The law pertinent to vicarious liability matters is governed by Louisiana Civil Code article 2320, which is also known as the doctrine of respondeat superior. *Ledet v. Robinson Helicopter Co.*, 195 So. 3d 89, 92 (La. App. 4th Cir. 2016). "Louisiana Civil Code article 2320 provides that employers are answerable for the damage occasioned by their employees in the exercise of the functions in which they are employed." *Id.* (citing *Henly v. Phillips Abita Lumber Co.*, 971 So. 2d 1104, 1112–13 (La. App.

5th Cir. 2016)); *see Richard v. Hall*, 874 So. 2d 131, 137–38 (La. 2004). Two elements must exist to satisfy article 2320: "(1) the existence of an employer-employee relationship and (2) the tortious act of the employee was committed during the course and scope of the employment by the employer sought to be held liable." *Lagrange v. Boone*, 337 So. 3d 921, 925 (La. App. 3d Cir. 2022) (quoting *Maze v. Grogan*, 694 So. 2d 1168, 1170 (La. App. 1st Cir. 1997)).

## III.    ANALYSIS

"[S]ummary judgment on a vicarious-liability claim is appropriate when the uncontested facts show that an alleged tortfeasor *was not* an employee of the defendant." *Lagrange*, 337 So. 3d at 926 (citing *Morales v. Davis Bros. Constr. Co.*, 647 So. 2d 1302 (La. App. 4th Cir. 1994)) (emphasis added). Thus, "[t]he single most important factor to consider in deciding whether the employer-employee relationship exists, for purposes of La. C.C. art. 2320, is the right of the employer to control the work of the employee." *Bolden v. Tisdale*, 347 So. 3d 697, 708 (La. 2022) (internal citation omitted). To determine an employer's control, the Louisiana Supreme Court generally looks to the "(1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control." *Id.* (citing *Hillman v. Comm-Care, Inc.*, 805 So. 2d 1157, 1162 (La. 2002)). No one factor controls, as "the totality of the circumstances must be considered, and the burden of proof is on the party seeking to establish an employer-employee relationship." *Id*.

Here, Mr. Williams testified that he entered into a lease with Ty & Tan through his own limited liability company—Duran—and that he drove, or carried, loads for Ty & Tan.[10] Mr. Derrell Logan, Ty & Tan's representative, confirmed that Mr. Williams had been employed with Ty & Tan since 2016 or 2017, and that he was "carrying a haul" for Ty & Tan at the time of the August

---

[10] R. Doc. 61-4 at 2-3.

accident.[11] Further, the discovery responses from Mr. Williams and Ty and Tan similarly support the assertion of an employer-employee relationship between them.[12] Accordingly, Duran has satisfied its burden of showing there is no dispute that Mr. Williams was not driving as an employee for Duran at the time of the incident.

## IV.    CONCLUSION

For the reasons set forth above, Duran Express, LLC's Motion for Partial Summary Judgment (R. Doc. 61) is **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiffs' claims against Duran based on vicarious liability for Mr. Williams' actions are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 1st day of October, 2024.

**JUDGE JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT COURT**

---

[11] R. Doc. 61-5 at 2.
[12] R. Doc. 61-6 at 5-6; R. Doc. 61-7 at 2. The responses reference Mr. Williams' Application for Employment with Ty & Tan and Duran's Owner Operator Lease Agreement between Ty & Tan.