UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STACEY MELERINE ET AL | CIVIL ACTION NO. 22-6127 |
| VERSUS | JUDGE EDWARDS |
| LADARIUS WILLIAMS ET AL | MAG. JUDGE KAYLA D. MCCLUSKY |

**MEMORANDUM RULING AND ORDER**

Before the Court is a motion by Plaintiff Stacey Melerine ("Melerine" or "Plaintiff") for a new trial regarding damages.[1] Defendants Ladarius Williams ("Williams"), Ty & Tan Express, LLC ("Ty & Tan"), and Safeco Insurance Company of Oregon ("Safeco") (collectively "Defendants") responded in opposition.[2] Plaintiff then replied.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the motion having found the jury's verdict to be legally erroneous in its award of special damages without corresponding general damages.

## I.   BACKGROUND

This case involves a motor vehicle collision that occurred on Interstate 20 in Bossier City, Louisiana, involving a tractor-trailer.[4] Melerine sustained personal injuries and alleged that Williams was negligent and his employer, Ty & Tan, was vicariously liable.[5]

---

[1] R. Doc. 162.
[2] R. Doc. 164; R. Doc. 166 (R. Doc. 166 was filed by Safeco who adopted the arguments presented by its co-defendants in R. Doc. 164 in their entirety).
[3] R. Doc. 165.
[4] R. Doc. 1.
[5] *Id.*

A jury trial in this matter was held November 4-6, 2024.[6] After a few hours of deliberation, the jury returned a verdict answering the following written questions on the Verdict Form as follows:[7]

**QUESTION NUMBER 1:** Do you find by a preponderance of the evidence (i.e. more probable than not) that Ladarius Williams caused, in whole or in part, the accident that occurred on August 11, 2021?

YES ✓    NO____

*IF YOUR ANSWER TO QUESTION NUMBER 1 IS NO, PLEASE STOP, SIGN THE VERDICT FORM AND ALERT THE COURT SECURITY OFFICER. IF YOUR ANSWER IS YES, PLEASE MOVE TO QUESTION NUMBER 2.*

**QUESTION NUMBER 2:** Do you find by a preponderance of the evidence (i.e. more probable than not) that Stacey Melerine caused, in whole or in part, the accident that occurred on August 11, 2021?

YES ✓    NO____

*IF THE ANSWER IS YES, GO TO NUMBER 3. IF THE ANSWER IS NO, SKIP QUESTION 3 AND MOVE ON TO QUESTION 4.*

**QUESTION NUMBER 3:** Please itemize the percentage of fault between Ladarius Williams and Stacey Melerine:

Ladarius Williams      __70__%

Stacey Melerine        __30__%

TOTAL                  100%

*YOUR TOTAL MUST EQUAL 100%. PLEASE MOVE TO QUESTION 4.*

**QUESTION NUMBER 4:** Do you find by a preponderance of the evidence (i.e. more probable than not) that Stacy Melerine suffered any damages as a result of the collision on August 11, 2021?

---

[6] R. Docs. 141; 143; and 144.
[7] R. Doc. 151.

YES ✓          NO____

*IF THE ANSWER IS YES, GO TO NUMBER 5. IF THE ANSWER IS NO, SIGN THE VERDICT FORM AND ALERT THE COURT SECURITY OFFICER.*

**QUESTION NUMBER 5:** Please itemize the damages you find by a preponderance of evidence (i.e. more probable than not) that Stacy Melerine incurred because of the Accident:

| | |
|---|---|
| **Past Medical Expenses** | $ 105,000 |
| **Future Medical Expenses** | $ 175,000 |
| **Past and Future Physical Pain & Suffering** | $ 0 |
| **Past and Future Mental Pain & Suffering** | $ 0 |
| **Past and Future Loss of Enjoyment Of Life** | $ 0 |
| **Past and Future Functional Limitations/Disability** | $ 0 |

The Court entered judgment in accordance with the verdict.[8] The judgment did not include general damages, as the jury did not award any compensation for past and future physical or mental pain and suffering, loss of enjoyment of life or functional limitations/disability.

II.     **PENDING MOTION**

Melerine seeks a new trial as to damages arguing that the jury's awarding of special damages but not general damages was a legal error.[9] Melerine cites Fifth

---

[8] R. Doc. 161.
[9] R. Doc. 162-1 at 1.

Circuit precedent where the court, applying Louisiana law, held that new trials must be granted when a jury awards special damages but not general damages.[10]

In opposition, Defendants argue that other Fifth Circuit precedent indicates that when there is a general verdict with written questions, arguments about inconsistency are waived by not raising them before the jury is discharged.[11] Defendants argue that the waiver supports the virtue of judicial efficiency and that if Plaintiff had raised this issue prior to the discharge of the jury, the matter could have been resolved without the need for a new trial.[12]

In her reply, Melerine cites Rule 59 which states a court "may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]"[13] Then Plaintiff cites similar cases where federal courts have granted new trials on damages for reasons such as inadequate general damages and plain error.[14] Defendants acknowledge that the Court may grant a new trial for plain error.[15]

### III.  LAW & ANALYSIS

Rule 59(a) provides a district court discretion to grant a new trial "on all or some of the issues ... after a jury trial, for any reason for which a new trial has

---

[10] R. Doc. 162-1 at 2-4.
[11] R. Doc. 164 at 2-4.
[12] R. Doc. 164 at 3.
[13] R. Doc. 165 at 1; Fed. R. Civ. P. 59(a).
[14] R. Doc. 165 at 2.
[15] R. Doc. 164 at 4.

heretofore been granted in an action at law in federal court."[16] Applying Louisiana law, the Fifth Circuit has declared the awarding of special damages for medical expenses but not general damages to be in error and granted a new trial solely on the issue of damages.[17] However, "a verdict awarding medical expenses yet denying general damages is not *per se* invalid."[18] The inquiry for the Court is whether the evidence supports the jury's award of medical expenses, but not general damages, because the medical expenses were incurred for precautionary or diagnostic purposes.[19] If so, the jury's award of medical expenses, but not general damages, is logical and consistent with the record.[20] When a jury determines that a plaintiff suffered injuries related to an accident that required medical attention, the failure to award general damages is an error that justifies a new trial on damages.[21]

Here, the evidence does not support a conclusion that the jury's award of medical expenses was for precautionary or diagnostic purposes. The jury's affirmative response to the question asking whether Melerine "suffered any damages as a result of the collision" and itemizing Melerine's damages to include future medical expenses in the amount of $175,000 supports the conclusion that the jury determined Melerine suffered injuries related to the accident that will require future medical treatment.

---

[16] Fed. R. Civ. P. 59(a); *see also Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 183 (5th Cir. 1995) ("the decision to grant or deny a motion for new trial ... rests in the sound discretion of the trial judge").
[17] *Pagan v. Shoney's, Inc.*, 931 F.2d 334, 337 (5th Cir. 1991); *see also Matheny v. Chavez*, 593 F. App'x 306 (5th Cir. 2014) (Failure to award damages for past pain and suffering constituted abuse of discretion under Louisiana law, and motion for new trial on damages was granted).
[18] *Wiltz v. Welch*, 651 Fed. Appx 270, 272 (5th Cir. 2016).
[19] *Id.* at 273 (collecting cases).
[20] *Id.*
[21] *Matheny v. Chavez*, 593 F. App'x 306, 310 (5th Cir. 2014) (citing *Green v. K-Mart Corp.*, 874 So.2d 838 (La. 2004)).

Given this verdict, the failure to award any general damages is erroneous, and a new trial solely on the issue of damages is warranted.

Defendants' argument regarding waiver is unpersuasive. While raising objections to inconsistencies before the jury's discharge promotes judicial efficiency, the Court retains discretion under Rule 59(a) to address plain errors.

Finally, "when issues subject to retrial are so interwoven with other issues in the case that they cannot be submitted to the jury independently … without confusion and uncertainty," then the interwoven issues must both be presented at the new trial.[22] In a similar case to this one, the Fifth Circuit found that awarding special damages without general damages involved interwoven issues and required them to be tried together.[23] This case presents similarly interwoven issues, and both the issue of special damages and general damages will be retried.

## IV.   CONCLUSION

For the reasons set forth above, the Court finds that the jury's award of special damages without general damages constitutes sufficient reason for new trial. Accordingly, Plaintiff's motion for a new trial on the issue of damages is **GRANTED**.

The scheduling of a new trial consistent with this order will follow.

---

[22] *Colonial Leasing of New England, Inc. v. Logistics Control Int'l*, 770 F.2d 479, 481 (5th Cir. 1985) ("Therefore, when the issues subject to retrial are so interwoven with other issues in the case that they 'cannot be submitted to the jury independently ... without confusion and uncertainty, which would amount to a denial of a fair trial,' then it is proper to grant a new trial on all of the issues raised") (quoting *Gasoline Products,* 283 U.S. at 500, 51 S.Ct. at 515).

[23] *Pagan v. Shoney's, Inc.*, 931 F.2d 334, 337 (5th Cir. 1991) ("In limiting the new trial to damages, however, we do not go so far as to affirm the jury's award of special damages and leave only general damages to be re-tried. To limit so narrowly the scope of the new trial would be to misunderstand the nature of an inconsistent verdict").

**THUS DONE AND SIGNED** in Chambers this 3rd day of February, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**