UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STACEY MELERINE ET AL | CIVIL ACTION NO. 22-6127 |
| VERSUS | JUDGE EDWARDS |
| LADARIUS WILLIAMS ET AL | MAG. JUDGE KAYLA D. MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is the issue of priority of payment between the MCS-90 Endorsement to the Prime Insurance Company ("Prime") policy issued to Ty & Tan Express, LLC ("Ty & Tan"), and the uninsured motorist coverage provided by Safeco Insurance Company of Oregon ("Safeco") to the plaintiff in this action, Stacey Melerine ("Plaintiff"). The issue has been fully briefed by Safeco[1] and Prime.[2] Having considered the briefs, the record, and applicable law, the Court issues the following ruling.

This matter arises out of a motor vehicle accident involving a truck operated by LaDarius Williams for Ty & Tan.[3] At the time of the accident, there existed a liability policy issued by Prime to Ty & Tan that included an MCS-90 Endorsement in compliance with the Motor Carrier Act of 1980.[4] Also at that time, Plaintiff carried an uninsured motorist policy with Safeco.[5]

---

[1] R. Doc. 138
[2] R. Doc. 171.
[3] R. Doc. 1.
[4] R. Doc. 138-1.
[5] R. Doc. 138-2.

In its brief, Safeco argues that its uninsured motorist coverage is excess to the MCS-90 Endorsement and that Prime must first exhaust its $750,000 obligation under the endorsement before implicating Safeco's uninsured motorist coverage.[6] Prime, in contrast, argues that the MCS-90 Endorsement is not primary insurance, and that Safeco's uninsured motorist policy should respond first.[7]

The Fifth Circuit has dealt with a similar circumstance in *Canal Insurance Company v. First General Insurance Company,* which involved a dispute regarding liability for payment between an insurer whose policy provided coverage and another insurer whose policy did not provide coverage, but contained the predecessor to the MCS-90 Endorsement (the ICC Endorsement).[8] The Fifth Circuit resolved this dispute by recognizing that the endorsement "provides no coverage for purposes of disputes among insurers over ultimate liability."[9] Based on this rule, the Fifth Circuit found that the insurer whose policy provided coverage must pay. This Court sees no reason to deviate from the Fifth Circuit's pronouncement that the MCS-90 Endorsement has no impact on disputes between insurers as to payment. This rule should dictate the result here.

It is undisputed that Safeco has an uninsured motorist policy that provides coverage for this incident. Further, the Court has determined that Prime's policy does not provide coverage for the incident, but it contains the MCS-90 Endorsement.[10]

---

[6] R. Doc. 138.
[7] R. Doc. 171.
[8] *Canal Insurance Company v. First General Insurance Company,* 889 F.2d 604 (5th Cir. 1989), *modified on other grounds,* 901 F.2d 45 (5th Cir. 1990).
[9] *Canal Ins. Co.*, 889 F.2d at 611.
[10] R. Doc. 115.

Applying the rule articulated in *Canal Insurance*, the MCS-90 Endorsement cannot be relied upon to resolve the dispute between Safeco and Prime as to who is initially liable for payment. Prime's policy provides no coverage; therefore, Safeco must pay under its policy.

In its brief, Safeco relies on out-of-circuit decisions such as *Global Hawk Ins. Co. v. Century-National Ins. Co.*, 203 Cal. App. 4th 1458 (Cal. Ct. App. [1st Dist.] 2012), and *Tri-National, Inc. v. Yelder*, 781 F.3d 408 (8th Cir. 2015). Those cases, however, are not binding on this Court and both involve <u>*reimbursement*</u> of benefits paid through an uninsured motorist policy which this ruling does not address. The Court notes that the analysis in *Global Hawk* and *Tri-National, Inc.,* which require of reimbursement of uninsured motorist benefits through a MCS-90 Endorsement, are compelling and would weigh heavily in favor of reimbursement of Safeco should that issue come before the Court.

For the foregoing reasons, the Court finds that Safeco's uninsured motorist coverage must pay first, and Prime's MCS-90 Endorsement is not implicated unless and until all other available insurance has been exhausted.

**THUS DONE AND SIGNED** this 23rd day of July, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**